UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD FERRARI, individually and
on behalf of all others similarly situated,

       Plaintiff,

vs.

VITAL PHARMACEUTICALS, INC,
a Florida corporation

       Defendant.

District Court Case No. _____

Suffolk Superior Court No. 2015-0258-BLS

## VITAL PHARMACEUTICALS, INC.'S NOTICE OF REMOVAL

VITAL PHARMACEUTICALS, INC. ("VPX"), through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and Rule 81(c), Fed. R. Civ. P., hereby gives notice of the removal of this action from the Massachusetts Superior Court, Business Litigation Session, Suffolk County, to the United States District Court for the District of Massachusetts.

On or about January 26, 2015, Plaintiff, Richard Ferrari ("Plaintiff"), commenced this putative class action against VPX by filing a complaint in the Massachusetts Superior Court, Business Litigation Session, Suffolk County, Case No. 2015-0258-BLS ("Complaint"). The Complaint was first served on VPX on February 17, 2015.  On or about March 16, 2015, Plaintiff filed a First Amended Class Action Complaint ("Amended Complaint"). As addressed below, the action involves common law and Massachusetts state law claims concerning disclosure of the protein content of two of VPX's dietary supplement products.

VPX is timely removing this action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1441, because it has satisfied the procedural requirements

for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

## I.   VPX HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) (filed within 30 days of receipt of service of the Complaint).  The Massachusetts Superior Court, Business Litigation Session, Suffolk County, is located within the District of Massachusetts. Venue is therefore proper within the District of Massachusetts pursuant to 28 U.S.C. §§ 101 and 1441, because said district is the district and division embracing the place where such action is pending. No previous application has been made for the relief requested herein.

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon VPX, which includes the summons, Complaint, and Amended Complaint, is attached as **Exhibit "A."**  To date, no other documents have been served upon VPX.  Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Massachusetts Superior Court, Business Litigation Session, Suffolk County.

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

This case is subject to removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C. including 28 U.S.C. §1332).  CAFA provides that "federal courts have jurisdiction over class actions based on state law when: (1) there is "minimal" diversity (meaning that at least one plaintiff and one defendant are from different states); (2) the amount in controversy exceeds $5

million; and (3) the action involves at least 100 class members. 28 U.S.C. §§ 1332(d)(2) and (5)(B)." *Manson v. GMAC Mortgage, LLC*, 602 F. Supp. 2d 289, 293 (D. Mass. 2009).

As set forth below, *if the putative nationwide class(es) was/were to be certified*, the CAFA jurisdictional requirements would be met because: (1) there are 100 or more members in Plaintiff's proposed classes; (2) at least some of the members of the proposed class have a different citizenship from VPX, which is a Florida corporation; and, (3) VPX reasonably believes that the claims of the proposed class members, if certification were ultimately found proper, would exceed the sum or value of $5,000,000 in the aggregate. Thus, this Court would have subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

In removing this action pursuant to CAFA, VPX does not in any manner concede that class certification is appropriate (e.g. that the putative class(es) is/are ascertainable, that the plaintiff can prove commonality, typicality, etc.). *See College of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 Fed. 3d 33, 41-42 (1st Cir. 2009) (CAFA jurisdiction is ordinarily determined prior to any ruling on the appropriateness of class certification).

### A. The putative class consists of more than 100 members

In the Amended Complaint, Plaintiff purports to represent a "national class" and a "Massachusetts subclass" of individuals who purchased VPX's dietary supplements VPX Stealth Muscle Amplification Lean Mass Gainer and VPX Syngex Multi-Species Protein Blend (the "Products"). *See* Amended Complaint ¶¶ 1,45. Plaintiff asserts that "Class members number in the thousands to millions." *Id.* ¶ 46.

### B. The diversity of citizenship requirement is met

Plaintiff is "a resident of the city of Beverly, Massachusetts." Amended Complaint ¶ 15. While Plaintiff has not alleged that he is a *citizen* of Massachusetts, other members of the

3

putative classes, as defined, would include citizens of Massachusetts and other states. Defendant is a Florida corporation with its principal place of business located at 1600 North Park Drive, Weston, Florida 33326. Thus, at least one proposed class member and VPX are diverse and the diversity of citizenship requirement is therefore met. *See* 28 U.S.C. § 1332(d).

### C. The amount-in-controversy requirement is satisfied

Plaintiff does <u>not</u> set forth any amount of individual damage, his purchase price for the Products, or other information concerning the alleged value of his claim or the value of the potential putative class claims. *See generally* Amended Complaint. Plaintiff claims that VPX's labeling of the Products are misleading. Plaintiff alleges that the supplement facts section of VPX Stealth Muscle Amplification Lean Mass Gainer ("Stealth") states that "47 grams of protein per serving is exclusively derived from the '7 Anabolic and Anti-Catabolic Steady State Proteins.'" Amended Complaint ¶ 23. Plaintiff claims that the protein content "is not exclusively derived from the '7 Anabolic and Anti-Catabolic Steady State Proteins' but also includes, for the purposes of 'protein-spiking,' several forms of creatine." *Id.* ¶ 25. Plaintiff claims that after "scientific testing of the Stealth Product, the actual total content per serving of protein is approximately 28.7 grams." *Id.* ¶ 27. Plaintiff concludes that VPX "purposefully misleads the consumer into thinking that the entire claimed protein content is derived from the '7 Anabolic and Anti-Catabolic Steady State Proteins.'" *Id.* ¶ 29.

The Amended Complaint also contains substantially similar allegations concerning the labeling of the protein content of a second VPX product, Syngex Multi-species Protein Blend. *See* Amended Complaint ¶¶ 31-34. Plaintiff alleges that he and the class members "would not have purchased the Products, or would have not paid as much for the Products, had they known the truth about the mislabeled and falsely advertised Products." Amended Complaint ¶ 44.

Notwithstanding, based upon the Plaintiff's contentions that he is seeking a refund of up to the full value of his purchase price, whatever that may be, VPX has reasonable belief that the amount in controversy could exceed $5,000,000 exclusive of fees and costs.

Plaintiff avers that he purchased the Products from www.bodybuilding.com.  While the Plaintiff's purchase price is not identified, that retailer currently advertises sale of Syngex® for $48.98 (currently discounted 11% from bodybuilding.com's normal price of $54.95, although on also stated to be unavailable - on backorder). *See* bodybuilding.com's online store *available at*: http://www.bodybuilding.com/store/vpx/vpx.htm?pg=2&rpp=20&tr=28 (last visited Mar. 18, 2015).  Meanwhile, bodybuilding.com apparently does not sell VPX Stealth™, however, the price range according to Google® is anywhere from approximately $42.45 to $51.56 at a variety of online retailers. *Compare* generally bodybuilding.com *with* Google® shopping for VPX Stealth, *available at*: http://www.google.com/shopping/product/4040845823321979937?sclient=psy-ab&rls=com.microsoft:en-US:IE-Address&biw=1280&bih=889&q=%22VPX+stealth%22&oq= %22VPX+stealth%22&pbx=1&bav=on.2,or.&tch=1&ech=1&psi=k94JVbb4OoPZU5uYgJAF.1426710967992.3&safe=on&nord=1&prds=paur:ClkAsKraX62ez3WlJTPeRUCYfyjocAbLAzAFICx63BP_Esayc-fM7OTZ0Pz5RsjVIgWxi3tEKTBJOdN8K3lqdNCdIHp95oC7NgPaWo_owxK2A8CCPy8DoaZK4RIZAFPVH73QbP3A3DVYuBMc6PZODlDam39vBg&ei=SeUJVbbILIv4Uuv1gJAG&ved=0CFwQpiswAA (last visited Mar. 18, 2015). Assuming *arguendo* Plaintiffs' allegations are true and there are millions of putative class members, then based upon these potential retail prices, while clearly fluctuating, would still provide an amount in controversy in excess of $5,000,000.00 in the aggregate. *See* Amended Complaint ¶ 46.  In addition, Plaintiff alleges six separate claims, the first three are alleged on

5

behalf of both classes and the latter three claims are alleged only on behalf of the Massachusetts Subclass. The alleged claims are: (1) Breach of express warranty; (2) Unjust Enrichment; (3) Declaratory and injunctive relief, (4) Untrue and misleading advertising under Massachusetts G.L. c. 226 § 91; (5) Violation of ALM GL ch. 94 §§ 187 and 190 and 105 CMR 590.001 *et seq.*; and, (6) Violation of ALM GL ch. 93A *et seq.* Amended Complaint at pp. 15-23. Based on these allegations, Plaintiff seeks several forms of relief, including, but not limited to, the following: actual damages, punitive damages, and statutory damages to the Plaintiff and the class members; attorneys' fees and litigation costs; declaratory and injunctive relief. Amended Complaint at p. 23. Accordingly, taken in the aggregate, the amount in controversy exceeds $5,000,000.

Congress enacted CAFA to facilitate adjudication of certain class action allegations in federal court. *See Standard Fire Ins. Co. v. Knowles,* 568 U.S., at ——, 133 S.Ct., at 1350 (Mar. 19, 2013) ("CAFA's primary objective" is to "ensur[e] 'Federal court consideration of interstate cases of national importance.' " (quoting § 2(b)(2), 119 Stat. 5)); S.Rep. No. 109–14, p. 43 (2005) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."). Proper removal includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (Dec. 15, 2014).

Finally, CAFA's legislative history sets forth that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. See, e.g., S. REP. 109-14 at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly,

with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."), id. at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications"), id, at 27 ("the Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

WHEREFORE, for the foregoing reasons, VPX hereby removes the above-captioned action pending in the Massachusetts Superior Court Business Litigation Session, Suffolk County, to this honorable Court.

DATED:   March 19, 2015                                Respectfully submitted,

    /s/ George C. Rockas
George C. Rockas, BBO# 544009
Erik J. Tomberg, BBO# 669413
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
260 Franklin Street – 14th Floor
Boston, MA 02110-3112
Tel: (617) 422-5300
George.Rockas@wilsonelser.com
Erik.Tomberg@wilsonelser.com

Scott D. Knapp
*(moving for pro hac vice admission)*
Florida Bar No. 16688
BROAD AND CASSEL
1 Financial Plaza
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394
Tel: (954) 764-7060
SKnapp@BroadandCassel.com

*Attorneys for Defendant, Vital Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on March 19, 2015, a copy of the foregoing was filed with the Clerk of Court via CM/ECF.  I further certify that on this date the foregoing has been served via U.S. mail and electronic mail upon: Erica C. Mirabella, Esq., Mirabella Law, 132 Boylston Street, 5th Floor, Boston, MA 02116 and electronically at Erica@mirabellaLLC.com; Tina Wolfson, Ahdoot & Wolfson, PC, 1016 Palm Avenue, West Hollywood, CA 90069 and electronically at twolfson@ahdootwolfson.com; and, Nick Suciu III, Barbat, Mansour, and Suciu, PLLC, 434 West Alexandrine #101, Detroit, MI 48201 and electronically at nicksuciu@bmslawyers.com.

                                            /s/ George C. Rockas
                                            George C. Rockas